[No. 8800.   Department One.   July 18, 1910.]

H. H. JAMES, *Respondent*, v. C. E. BEEBE *et al.*, *Appellants*.[1]

CONTRACTS—EXCAVATIONS—CONSTRUCTION— TERMINATION — EXTRA WORK. A clause in a contract for an excavation providing that, if the contractor encounters rock requiring blasting, he agrees to stop excavating and accept proportionate payment, does not render the contract no longer obligatory upon his encountering rock, and authorize him to recover on *quantum meruit* for services thereafter performed, when construed with other provisions of the contract, whereby he first agreed to excavate the lot and remove and clear away all earth and rubbish not requiring blasting, and further agreed to accept proportionate payment for earth removed if rock was encountered, and also agreed to blast and remove rock at $1.25 per cubic yard at the option of the owner; and construing the entire contract together, he was not entitled to extra pay for "preparing and clearing the rock for blasting," since the same was included in the contract.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered March 10, 1910, upon findings in favor of the plaintiff, after a trial on the merits

[1]Reported in 109 Pac. 1032.

before the court without a jury, in an action to foreclose a mechanics' lien. Reversed.

*Samuel R. Stern,* for appellants.

*F. E. Langford,* for respondent.

RUDKIN, C. J.—On the 30th day of June, 1909, the plaintiff and the defendant C. E. Beebe entered into the following contract:

"This agreement made this 30th day of June, 1909, by and between C. E. Beebe of the city and county of Spokane, Wash., of the first part, and H. H. James of the said city of Spokane of the second part, Witnesseth: That the said party of the second part covenants and agrees to and with the said party of the first part for the consideration hereinafter mentioned to make an excavation in lot 4, block 48, first add. to Spokane Falls, and clear away all earth, rubbish and rock not requiring blasting from said excavation and to haul same away from the premises.

"Said excavation to be 48 feet wide by 130 feet long beginning at the front of said lot and along the east line of the lot. Same to be graded 48 feet wide and level at and to a depth of 9 feet below the brick sidewalk for a distance towards the alley of 90 feet and extended on from that point 40 feet further towards the alley the same width but only to a depth level with said sidewalk.

"Also to excavate four trenches 90 feet long by 2 ft. wide by 1½ ft. deep where directed by first party in the bottom of the front excavation. The west bank of the main excavations to be sloped back to the lot line at the top to prevent caving.

"Second party is to have the work completed on or before the 21st day of July, 1909, but should he fail so to do then he hereby agrees to pay to the first party the sum of Five dollars ($5) per day as liquidated indebtedness and ascertained damages for each and every day that the work shall remain unfinished after the said 21st day of July, '09, to completion of said excavation same to be deducted from the payment.

"And the said first party covenants and agrees to pay unto the second party for said excavations the sum of four hun-

dred and twenty dollars ($420) on completion of the work if free from all claims for labor of workmen.

"Should second party encounter rock requiring blasting previous to removal he agrees to stop excavating and to accept proportionate payment for his work as the amount of earth, etc., removed may be to the whole specified excavations.

"Should blasting be necessary in making the excavations the second party offers and agrees to blast, break up and remove the rock for the price of $1.25 per cubic yard at the option of the first party.

"Second party shall meet all requirements of the city authorities or ordinances relative to the work and first party shall not be answerable for any damages that may happen by reason of said work."

The complaint alleged the execution of the contract; that the total excavation called for by the contract was 2,390 cubic yards of material, of which 490 cubic yards was rock requiring blasting; that the plaintiff excavated and removed the 1,900 cubic yards of material, other than the 490 cubic yards of rock requiring blasting, and that the proportionate cost thereof under the terms of the contract was $334.25. The complaint further alleged, that after the rock requiring blasting was encountered, the plaintiff, at the special instance and request of the defendants, prepared and cleared the rock on the premises ready for blasting; that the reasonable value of the services so performed was the sum of $250; that no part of said sums has been paid; that the plaintiff prepared and filed his lien claim, etc. The court below found for the plaintiff in the sum of $334.25, for excavating and removing the material other than the rock requiring blasting, and in the further sum of $85.75 for clearing and preparing the ground for blasting, and entered judgment foreclosing the lien, from which this appeal is prosecuted.

The contract provides that "should second party encounter rock requiring blasting previous to removal he agrees to stop excavating and to accept proportionate payment for his work as the amount of earth, etc., removed may be to the

whole specified excavations." Under this provision of the contract the respondent contends that as soon as he encountered rock requiring blasting, in the prosecution of the work, the contract then and there ceased to be obligatory upon him, and that he is entitled to recover the reasonable value of the services thereafter performed in preparing the ground for blasting. When the entire contract is construed together it does not admit of this construction. The respondent first agreed "to make an excavation in lot 4, block 48, first addition to Spokane Falls, and clear away all earth, rubbish and rock not requiring blasting from said excavation and to haul same away from the premises." He further agreed "to accept proportionate payment for his work as the amount of earth etc., removed may be to the whole specified excavations," and to "blast, break up and remove the rock for the price of $1.25 per cubic yard, at the option of the first party." Under these several provisions it was clearly obligatory on the respondent, under the terms of his contract, to excavate and remove all earth, rubbish and rock, excepting rock requiring blasting, for the proportionate part of the contract price. Indeed, this was the construction placed on the contract by the respondent himself, when he presented his bill for $334.25 at the close of the work. We are satisfied that all work performed by the respondent was so performed under the terms of the written contract, that there was no extra work, and no special agreement.

The court below found that the contract was fully performed, except as to the rock requiring blasting, and that work ceased under the contract at the request of the appellants. These findings are supported by competent testimony, and we are not disposed to disturb them. But inasmuch as the recovery is excessive, the judgment must be reversed, with directions to enter judgment in favor of the plaintiff for the sum of $334.25, with interest and costs, and it is so ordered.

Gose, Morris, Fullerton, and Chadwick, JJ., concur.